COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

LAND COURT
DEPT. OF THE
TRIAL COURT

NO. 05  MISC 310699

**05 - 11817 PBS**

-------------------------------------------------------X

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

    Plaintiff

v.

ALLISON L. RANDLE,

    Defendant

-------------------------------------------------------X

RECEIPT # 66659
AMOUNT $ 256.00
SUMMONS ISSUED    N/A
LOCAL RULE 4.1    ✓
WAIVER FORM    ✓
MCF ISSUED    −
BY DPTY. CLK.    M.P.
DATE    9/6/05

MAGISTRATE JUDGE JLA

## NOTICE OF REMOVAL

Pursuant to the provisions of 28 U.S.C. secs. 1441(b) and 1446(a), named Defendant  Allison L. Randle, (hereinafter "Defendant"), hereby removes the above captioned action from the Land Court Department of the Trial Court, County of Worcester, Commonwealth of Massachusetts, to the United States District Court for the District of Massachusetts – *Eastern Division*.

As grounds for this removal, the Defendant states the following:

1. Plaintiff, Mortgage Electronic Systems, Inc., (hereinafter "MERS"), is upon information and belief, a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located in the City of Horsham, County of Montgomery, Commonwealth of Pennsylvania.

2. Defendant is a natural person who resides in the Town of Northborough, County of Worcester, Commonwealth of Massachusetts.

3. On or about July 29, 2005, MERS purportedly commenced the within action in the Land Court Department of the Trial Court, County of Worcester, Commonwealth of Massachusetts, naming the Defendant only.

4. On or about August 8, 2005, the Defendant received a copy of a "Summons" which purported to direct her to appear and defend in the within action by September 12, 2005. No copy of MER'S initial or any amended pleading was served upon the Defendant with the "Summons".

5. Defendant submits that as set forth in the four (4) reasons following, the case at bar presents a **federal question** as to the constitutionality of an Act of Congress, to wit: 50 U.S.C. App. sec. 501, *et seq.*., (hereinafter the "Statute"), as applicable to the several states, in this and other like-kind proceedings, such that *federal* subject matter jurisdiction is apparent, and is thus hereby invoked:

2

- The <u>First</u> is that the [Massachusetts'] form "Summons" issued by the State Courts[1] in this and other like-kind proceedings is, in and of itself unconstitutionally vague and thus infirm, such that the "form" document is insufficient as a matter of law to confer personal jurisdiction over the Defendant (as well as those that might find themselves similarly situated) since such "form" fails to provide fair notice as to the exact legal nature and factual basis belying the complaining party's cause or causes of action, such that either statutory or the course of the common law, or both, is implicated, and to which the Defendant (and again, those that might find themselves similarly situtated), can reasonably be expected to appear and defend.

- The <u>Second</u> is that the [Massachusetts'] form "Complaint" which is commonly utilized by complaining litigants and purports to commence subject matter proceedings in State Courts such as this and other like-kind proceedings is, in and of itself, unconstitutionally vague and thus infirm, since such "form" document is insufficient as a matter of law to place the Defendant (and those that might find themselves similarly situtated) with fair notice as to the exact legal nature and factual basis belying the complaining party's cause or causes of action, such that either statutory or the course of the common law, or both, is implicated, and to which the Defendant (and again, those that might find themselves similary situtated), can reasonably be expected to appear and defend.

- The <u>Third</u> is that the Statute is unconstitutional in that it fails to require the service of any pleading, initial or otherwise, in this and other like-kind proceedings, which would serve to place the Defendant, (and those that might find themselves similarly situtated), with fair notice as to the exact legal nature as well as factual basis belying the complaining party's cause or causes of action, such that either statutory or the course of the common law, or both, is implicated, and to which the Defendant (and again, those that might find themselves similarly situtated), can reasonably be expected to appear and defend.

- The <u>Fourth</u> is that notwithstanding the <u>First</u> [reason], *supra*, the [Massachusetts'] form "Summons" issued in this and other like-kind proceedings is arguably nugatory since disparate classes of interest are created thereby; the "form" document not only purports to direct the Defendant (and those that might find themselves similarly situtated), to appear and defend, but also purports to direct "all [other] persons entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended", (hereinafter the "Act"), (whether actually named in the form

---

[1]     Either the Land Court or the Superior Court Department(s) of the Trial Court.

"Summons" and/or in the form "Complaint", or not) to likewise appear and defend; yet any such individual or individuals in the latter designated class so "summonsed" and whose property interest is thereby affected by such proceedings (other than those having an interest in the equity of redemption whether actually named in the form "Summons" and/or form "Complaint", or not), are denied due process of law and equal protection under the law as applied to the several states since such parties are statutorily, and thus summarily, barred from appearing and defending in such actions.

6. Defendant further submits that whether considered separately, or in any one or more groupings of joint combination, these several constitutional deficiences amount to nothing less than the taking of property via "state action", thereby implcating the due process clause of U.S.C.A. Const. Amend. 5 as applied to the several states pursuant to the equal protection clause of U.S.C.A. Const. Amend. 14.

For the foregoing reasons, Defendant, Allison L. Randle hereby respectfully removes the within action from the Land Court Department of the Trial Court, County of Worcester, Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts – *Eastern Division*.

ALLISON L. RANDLE,

Allison L. Randle, PRO SE
83 Whitney Street
Northborough, MA 01532-1429

Date: August 31, 2005

4

## CERTIFICATE OF SERVICE

I, Allison L. Randle, hereby certify that on the 6th. day of September, 2005, I served a copy of the within 'Notice of Removal', via first class mail, postage prepaid, upon the following counsel of record for the named plaintiff in the above captioned action:

Attorney Hilary A. Wysche
Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA  02461-0389

Allison L. Randle

Allison L. Randle

**THE COMMONWEALTH OF MASSACHUSETTS**

𝒟

(SEAL)

**LAND COURT**

DEPARTMENT OF THE TRIAL COURT

LAND COURT
FILED

05 JUN 23 PM 4:27

**05 MISC 310899**

To

Allison L. Randle

and all persons entitled to the benefit of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended:

Mortgage Electronic Registration Systems, Inc.

claiming to be the holder of    a        mortgage
covering real                      property in    Northborough,    numbered    83-85
                                              Whitney  Street,   Unit  No.  83,
                                              Whitney Street Condominium

given by    Allison L. Randle to Sherwood Mortgage Group, Inc., dated April
8, 2003, and   recorded with the Worcester County (Worcester District)
Registry of Deeds at Book 29672, Page 124 and now held by the   2 pages
plaintiff by assignment

I HEREBY ATTEST AND CERTIFY ON (1st page
September 6, 2005    THAT THE  2-sided)
FOREGOING DOCUMENT IS A FULL
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

ANN-MARIE J. BREUER
DEPUTY RECORDER
LAND COURT

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following:  by entry and possession and exercise of power of sale.

Land Court
of the Examiner II

If you are entitled to the benefits of the Soldiers' and Sailors' Civil Relief Act of 1940 as amended and you object
to such foreclosure you or your attorney should file a written appearance and answer in said court at Boston on
or before the        12th    day of    September    2005   ,

or you may be forever barred from claiming that such foreclosure                        is invalid
under said act.

Witness, KARYN F. SCHEIER, Chief Justice of said Court this

29th    day of    July            2005.

**Deborah J. Patterson**
*Recorder*

LC0-5 (9/89)
200506-0464

Deborah J. Patterson

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
## DEPARTMENT OF THE TRIAL COURT

Case No.:    05 MISC 310699

Case Name:    Mortgage Electronic Registration Systems, Inc. v. Allison L Randle

**Return Date:    09/12/2005**

## SERVICEMEMBERS CASES
## SERVICE INSTRUCTION SHEET
### For Publication, Service and Recording

The plaintiff is hereby ordered to serve the within notice by:

1.  publishing the same once in the Worcester Telegram
    at least twenty-one (21) days before the said return day;

2.  mailing by certified or registered mail (return receipt requested) a copy of this citation or a
    proof slip from the newspaper not less than fourteen (14) days before the return day to each
    defendant names in said complaint;

    Service may also be made by deputy sheriff.  Please do not use a constable.

3.  recording the attested copy of said notice **prior to the return day** fixed therein in the
    registry of deeds in which such mortgage is recorded.

Very truly yours,

Deborah J. Patterson

Deborah J. Patterson
Recorder

Dated:    July 29, 2005

| | LAND<br>COURT<br>USE<br>ONLY | LET JUDGMENT ISSUE: |
|---|---|---|

**COMMONWEALTH OF MASSACHUSETTS**
**LAND COURT** LAND COURT
FILED
**DEPARTMENT OF THE TRIAL COURT**

05 JUN 23 PM 4: 26

_____
Justice

Suffolk _____ ss.          Case No.

05 MISC 310699

### COMPLAINT TO FORECLOSE MORTGAGE

PLAINTIFF:
Name                              City or Town
                                  of Residence
Mortgage Electronic Registration    Horsham, PA
Systems, Inc.

DEFENDANTS:
Name                    City or Town          Interest
                        of Residence
Allison L. Randle       Northborough, MA       Owner

1. Your Plaintiff is the assignee and holder of a mortgage with the statutory power of sale given by
Allison L. Randle
_____

to Sherwood Mortgage Group, Inc. _____ dated April 8, 2003
recorded at the  Worcester County (Worcester District)  Registry of Deeds at Book 29672, Page 124

covering* 83-85 Whitney Street, Unit No. 83, Whitney Street Condominium, Northborough,
Massachusetts
_____
                                                        (street and number)
                                                        (and city and town)

and more particularly described in said mortgage.

_____

#### LAND COURT USE ONLY
_____

**JUDGMENT**
Under the provisions of the Soldier's and Sailor's Relief Act of 1940, as amended, this cause came on to be heard and thereupon,
upon consideration thereof, it appearing to the court that the record owner is not entitled to the benefits of said Act, it is
        **ORDERED** and **ADJUDGED** that the plaintiff be authorized and empowered to make an entry and to sell the property
covered by the mortgage as set forth in this complaint in accordance with the powers contained in said mortgage.

By the Court.
        Attest:                                    2 sides

                                    Deborah J. Patterson
                                    I HEREBY ATTEST AND CERTIFY ON
                                    September 6, 2005 THAT THE
                                    FOREGOING DOCUMENT IS A FULL
(SEAL)                              TRUE AND CORRECT COPY OF THE
                                    ORIGINAL ON FILE IN MY OFFICE
NOTE: Wherever the singular is used herein, it shall be deemed to mean and include the plural where applicable IN MY LEGAL CUSTODY.
        * A metes and bounds description of the property is not necessary.

                                    ANN-MARIE J. BREUER
                                    DEPUTY RECORDER
                                    LAND COURT

                                    By _____
                                        Land Court

2.  No defendant is in the military service within the meaning of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.

3.  The plaintiff alleges on information and belief that the defendant is the only person interested in the equity of redemption of the property covered by the mortgage described in paragraph 1 of this petition so far as appeared of record in the said Registry of Deeds or as known to your plaintiff.

4.  The plaintiff seeks to foreclose said mortgage described in said paragraph 1 to protect its interest as secured thereby for breach of the conditions thereof and desires to comply with the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended.

Wherefore Your plaintiff prays:

1.  For an order of notice ordering the defendants to appear and answer to this complaint.

2.  For a decree authorizing the plaintiff to make entry for the purpose of foreclosing and an order authorizing the plaintiff to foreclose the mortgage described in paragraph 1 of this complaint by a sale under the power of sale therein contained.

3.  For such and further relief as to the Court may deem meet and equitable.

_____
Aimee Rebecca Thyresson, Esq.
BBO# 660312
Attorney for Plaintiff

From the office of:

HARMON LAW OFFICES, P.C.
150 California Street
Newton, MA 02458

Telephone No. 617-558-0500

200506-0464

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  Title of case (name of first party on each side only)   Mortgage Electronic Registration Systems, Inc./
    Allison L. Randle

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
    rule 40.1(a)(1)).

    [ ]   I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    [ ]   II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    [ ]   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

    [X]   IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.      05 - 11817 PBS

    [ ]   V.      150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
    district please indicate the title and number of the first filed case in this court.

                                                    (None)

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                    YES [ ]        NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
    §2403)
                                                                    YES [X]        NO [ ]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                    YES [ ]        NO [X]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                    YES [ ]        NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                    YES [X]        NO [ ]

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division  [ ]          Central Division  [X]          Western Division  [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
          residing in Massachusetts reside?

          Eastern Division  [ ]          Central Division  [ ]          Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
    submit a separate sheet identifying the motions)
                                                                    YES [ ]        NO [X]

(PLEASE TYPE OR PRINT)
Defendant
ATTORNEY'S NAME _____ Allison L. Randle,PRO SE
ADDRESS _____ 83 Whitney Street, Northborough, MA  01532-1429
TELEPHONE NO. _____ 1-774-364-1296

(CategoryForm.wpd  - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff    County of
(EXCEPT IN U.S. PLAINTIFF CASES) Montgomery,
Commonwealth of Pennsylvania

**-02461-0389    Tel: (617)/558-0500

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hilary A. Wysche; Harmon Law Offices, P.C.
P.O. Box 610389, Newton Highlands, MA**

## DEFENDANTS

ALLISON L. RANDLE

County of Residence of First Listed Defendant    County of Worcester,
(IN U.S. PLAINTIFF CASES ONLY)  Commonwealth of
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.                        Massachusetts

Attorneys (If Known)    Tel: 1-774-364-1296
PRO SE
83 Whitney Street, Northborough, MA 01532-1429

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                 and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S. Civil Statute: 50 U.S.C. App. sec. 501, et seq.

Brief description of cause:
Constitutionality of Soldiers' and Sailors' Civil Relief Act of 1940, as

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ amended

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY (None)

(See instructions):    JUDGE                    DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD
*Allison L. Randle*

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE