November 7, 2005

Robert C. Alba, Deputy Clerk
United States District Court for
  the District of Massachsuetts
United States Courthouse
1 Courthouse Way – Suite 2300
Boston, MA  02210

HAND DELIVERED

FILED
IN CLERKS OFFICE
2005 NOV -7  A 11: 20
U.S. DISTRICT COURT
DISTRICT OF MASS.

Re:  Mortgage Electronic Registration Systems, Inc. v. Allison L. Randle;
     United States District Court for the District of Massachusetts – Eastern Section
     Case No. 05-11817-PBS

**SUGGESTION OF BANKRUPTCY**

In re:  VII Holdings Company
        Chapter 7 (Involuntary)
        United States Bankruptcy Court for the Middle District of Alabama –
        Northern Division
        Case No. 05-32805-WRS

Dear Mr. Alba:

    I am the named defendant acting PRO SE in the above referenced district court case currently pending before this Court, (hereinafter "State Court Action"). This letter is intended to confirm and supplement the information provided in a letter addressed to you dated October 21, 2005 from Attorney Adrian A. Gaucher, Jr. of the law firm of Gaucher & Gaucher, Southbridge, Massachusetts. Although as noted above as well as in his letter to you I am acting PRO SE in the State Court Action, Attorney Gaucher and his law firm have counseled me regarding this and other related matters to this proceeding and deemed it advisable to provide a separate courtesy letter to you which imparted certain information regarding the existence of the above referenced bankruptcy matter and how it affects the State Court Action. These facts are as follows:

    On September 16, 2005, an Involuntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code was filed against VII Holdings Company, (hereinafter "Debtor"), in the United States Bankruptcy Court for the Middle District of Alabama – Northern Division. The assigned case number is: 05-32805-WRS. Upon the filing of the Petition, the automatic stay provisions of 11 U.S.C. sec. 362(a), (hereinafter "Federal Injunction"), came into existence and was applicable, *inter-alia*, to any and all property interests of the Debtor.

Robert C. Alba, Deputy Clerk
United States District Court for
   the District of Massachusetts


Re:  Mortgage Electronic Registration Systems, Inc. v. Allison L. Randle;
     United States District Court for the District of Massachusetts – Eastern Section
     Case No. 05-11817-PBS


**<u>SUGGESTION OF BANKRUPTCY</u>**


In re:  VII Holdings Company
       Chapter 7 (Involuntary)
       United States Bankruptcy Court for the Middle District of Alabama –
       Northern Division
       Case No. 05-32805-WRS


November 7, 2005

Page 2 of 4


      The nature of the State Court Action can only properly be classified as a *quasi-in-rem* proceeding, since it bears aspects of both *in personam* and *in rem* characteristics and which will, upon its conclusion, have a dispositive legal effect upon the rights and interests of the parties (as well as the Debtor) in and to the Locus as well as [potentially] the Locus itself. Accordingly, although the Debtor is not a named party to the State Court Action, any further action taken by either of the parties [to the State Court Action] or the Court itself would violate the Federal Injunction since such action could [potentially] have an adverse impact on the estate of the Debtor as the Debtor is the present holder of that certain Mortgage Deed affecting the Locus given by Ms. Randle to one Ara Eresian, Jr., Trustee of Zu Zu Realty Trust dated May 23, 2005 and recorded with the Worcester District Registry of Deeds at Book 37283, Page 70, as [thereafter] assigned by that mortgagee to the Debtor on May 23, 2005 at Book 37301, Page 21.
      As to the current status of the bankruptcy case, I have recently checked with the Alabama Court and was informed that an [alias] 'Summons on Debtor in Involuntary Case' had been served upon the Debtor on or about October 31, 2005, and that the limitation period for either the filing and service of a motion to dismiss or a responsive pleading by the Debtor had yet to expire.

Robert C. Alba, Deputy Clerk
United States District Court for
    the District of Massachusetts


Re:  Mortgage Electronic Registration Systems, Inc. v. Allison L. Randle;
     United States District Court for the District of Massachusetts – Eastern Section
     Case No. 05-11817-PBS


**SUGGESTION OF BANKRUPTCY**


In re:  VII Holdings Company
        Chapter 7 (Involuntary)
        United States Bankruptcy Court for the Middle District of Alabama –
        Northern Division
        Case No. 05-32805-WRS


November 7, 2005

Page 3 of 4


      Given all of the foregoing, I am unable to proceed further with my obligations as imposed by the Order of the Court, Patti B. Saris, J., dated September 8, 2005, (*See* Docket Entry No. 2), nor otherwise prepare for or participate in the Scheduling Conference ordered to be held by that Order of the Court on Wednesday, November 9, 2005 at 4:00 PM since it would appear that further proceedings in the State Court Action are enjoined, the Scheduling Conference will have to be cancelled, and in any event any participation by me in the Scheduling Conference would be tantamount to a violation of the Federal Injunction. See *In re: 48th. Street Steakhouse, Inc.; 48th. Street Steakhouse, Inc. v. Rockefeller Group, Inc.*, 835 F.2d 427, 431 (1987) (where non-debtor's interest in property is intertwined with that of bankrupt debtor and action taken against non-bankrupt party would inevitably have an adverse impact on property of the bankrupt estate, then such action should be barred by the automatic stay); *In re: Bialic*, 712 F. 2d 426, 431-432 (9th. Cir. 1983) (automatic stay prohibited creditor from foreclosing on property in which debtor had right of redemption, even though property was owned by non-bankrupt individuals); *In re: Metal Center, Inc.*, 31 B.R. 458, 462 (Bankr. D. Conn. 1983) ("the debtor's protection must be extended to enjoin litigation against others if the result would be binding upon the debtor's estate").
      In conclusion, kindly make a notation of this 'Suggestion of Bankruptcy' upon the official court docket record.

Robert C. Alba, Deputy Clerk
United States District Court for
    the District of Massachusetts


Re: Mortgage Electronic Registration Systems, Inc. v. Allison L. Randle;
    United States District Court for the District of Massachusetts – Eastern Section
    Case No. 05-11817-PBS


**SUGGESTION OF BANKRUPTCY**


In re: VII Holdings Company
       Chapter 7 (Involuntary)
       United States Bankruptcy Court for the Middle District of Alabama –
       Northern Division
       Case No. 05-32805-WRS


November 7, 2005

Page 4 of 4


   Thank-you for your prompt attention to this matter.


Very truly yours,

*Allison L. Randle*
Allison L. Randle

cc: file

    Atty. Hilary A. Wyche
    Atty. Almee Rebecca Thyresson
    Adrian A. Gaucher, Jr., Esq.